OLIVER ARSENAULT ET AL. *v.* GENERAL ELECTRIC
COMPANY

BALDWIN, C. J., KING, MURPHY, MELLITZ and SHEA, JS.

Argued November 6, 1959—decided January 8, 1960

*Samuel Gruber,* for the appellants-appellees (plaintiffs).

*Norman K. Parsells,* with whom, on the brief, was *John Barron,* of the District of Columbia bar, for the appellee-appellant (defendant).

MURPHY, J. The plaintiffs allege that their discharge from employment by the defendant in 1957 was without just cause. They seek an order directing the defendant to arbitrate their grievances under the provisions of the collective bargaining agreement existing between the defendant and the International Union of Electrical, Radio and Machine Workers (C.I.O.), hereinafter referred to as the union, and its affiliated local, No. 203. The defendant demurred to the amended complaint. The court overruled the first two grounds of the demurrer but sustained it on the third ground, that the right to arbitrate was restricted to the union and the defendant. Judgment was rendered for the defendant after the plaintiffs failed to plead further. The plaintiffs have appealed. The defendant has taken a cross appeal, discussion of which is unnecessary in the view we take of the case. In fact, the cross appeal was improper. General Statutes § 52-263; *Bartlett* v. *Administrator,* 142 Conn. 497, 509, 115 A.2d 671; *Lavery's Main Street Grill, Inc.* v. *Hotel Employees Union,* 146 Conn. 93, 104, 147 A.2d 902.

The material allegations of the amended complaint, which are admitted for the purposes of the demurrer, follow. Since 1955, the union, in conjunction with its locals, has been the exclusive bargaining representative of the employees at the defendant's Bridgeport plant. The four plaintiffs were employed at the plant. All were members of the bargaining unit represented by the union and the local. Two were members of the union and the local. Three of the plaintiffs were suspended in 1956 from their employment by the company. They requested the local to process their grievances under the provisions of the collective bargaining agreement. The local refused. The three then met with company management. Representatives of the union local attended the meeting but did not participate. The defendant advised the three plaintiffs that the suspensions would stand and that further steps under the grievance procedure would be futile. Thereafter, the three were discharged. Within a short time, the fourth plaintiff was suspended and then discharged.

The agreement (art. 13) provides a three-step grievance procedure. Individual grievances cannot be processed otherwise. The first step is at the shop level, the second at the local management level, and the third at the headquarters or national level. The employee or his steward can initiate the grievance at the first step. If the matter is not settled, the local may proceed with it on through the second step. If the grievance is still unsettled, it can, at the third step, be referred to the national officers of the union for discussion with executives of the company. The agreement further provides (art. 15) that it is to be construed according to the law of the state of New York and that grievances, including

unjust discharges, remaining unsettled after full processing under the grievance procedure are to be submitted to arbitration on the written request of either the union or the company. Neither the local nor the union has processed the plaintiffs' grievances, and the union has not sought arbitration.

The plaintiffs maintain that under the terms of § 9 (a) of the Taft-Hartley Act, 61 Stat. 143, 29 U.S.C. § 159(a), they have the right to compel the defendant to arbitrate their grievances despite the fact that the agreement itself confers no such right upon them. The section reads: "Representatives designated or selected for the purposes of collective bargaining by the majority of the employees in a unit appropriate for such purposes, shall be the exclusive representatives of all the employees in such unit for the purposes of collective bargaining in respect to rates of pay, wages, hours of employment, or other conditions of employment: *Provided,* That any individual employee or a group of employees shall have the right at any time to present grievances to their employer and to have such grievances adjusted, without the intervention of the bargaining representative, as long as the adjustment is not inconsistent with the terms of a collective-bargaining contract or agreement then in effect: *Provided further,* That the bargaining representative has been given opportunity to be present at such adjustment." The proviso in this section does no more than to assure to the employee the right to present his grievance directly to his employer to see if it can be settled. Three of the four plaintiffs in this action have availed themselves of that right.

The collective bargaining agreement limits the right to arbitrate to the union and the company. No provision is made for arbitration at the request

or demand of an employee. Without such a provision in the contract, the plaintiffs cannot compel the defendant to arbitrate. *Calka* v. *Tobin Packing Co.,* 9 App. Div. 820, 821, 192 N.Y.S.2d 886; see *Item Co.* v. *New Orleans Newspaper Guild,* 256 F.2d 855, 856, cert. denied, 358 U.S. 867, 79 S. Ct. 98, 3 L. Ed. 2d 99; *Parker* v. *Borock,* 5 N.Y.2d 156, 161, 156 N.E.2d 297. The agreement, unlike that in *Gilden* v. *Singer Mfg. Co.,* 145 Conn. 117, 118, 139 A.2d 611, does not contain language which affords to an employee the opportunity, personally, to seek arbitration. The court properly sustained the defendant's demurrer to the amended complaint upon the third ground.

There is no error on the plaintiffs' appeal; the defendant's appeal is dismissed.

In this opinion the other judges concurred.