CHARLES T. McCAFFREY *v.* UNITED AIRCRAFT CORPORATION

BALDWIN, C. J., KING, MURPHY, MELLITZ and SHEA, Js.

Argued November 5, 1959—decided January 19, 1960

*Seymour L. Kroopnick,* with whom were *Kenneth S. Halpern* and, on the brief, *Irving H. Rosenthal,* for the appellant (plaintiff).

*Joseph C. Wells,* of the District of Columbia bar, with whom was *Charles A. Mahan,* for the appellee (defendant).

MURPHY, J. This is an application, under what is now General Statutes § 52-418,[1] to vacate an award of an arbitrator because of partiality. It was heard at a short calendar session. General Statutes § 52-420; see Practice Book § 121. The trial court treated it as an appeal from the award of the arbitrator and dismissed the appeal. At the hearing, the defendant moved to dismiss the application on the ground that the plaintiff was not the proper party to make it. The court indirectly overruled the motion by holding that the plaintiff had a standing in court. It then considered the application upon its merits and, in effect, denied it. The plaintiff has appealed from the judgment which was rendered.

The defendant has filed a bill of exceptions to the

---

[1] "Sec. 52-418. VACATING AWARD. In any of the following cases the superior court for the county in which one of the parties resides or, in a controversy concerning land, for the county in which the land is situated or, when said court is not in session, any judge thereof, shall make an order vacating the award upon the application of any party to the arbitration: . . . (b) if there has been evident partiality or corruption on the part of the arbitrators or either of them . . . ."

action of the court in overruling the motion to dismiss. It is questionable whether a bill of exceptions is the proper mode of bringing to our attention the defendant's claim that the plaintiff had no standing in court. Practice Book § 410; Maltbie, Conn. App. Proc. § 288. We nevertheless consider the claim because, if the plaintiff lacked standing to apply for an order vacating the award, he cannot complain of the denial of his application.

The plaintiff was an employee of the defendant at its plant in East Hartford. He was discharged for repeated violations of company rules and unauthorized absence from work in violation of company warnings. He was a member of the union which had entered into a collective bargaining agreement with the defendant and which was the sole and exclusive bargaining agent for all employees. The agreement provided for a four-step grievance procedure in which the three final steps could be processed only by the union. Grievances, including discharges, which were unsettled at the fourth step could be submitted to arbitration at the request of either party to the agreement. The arbitrator was named in the agreement, which also provided that his decision, if it was supported by substantial evidence, would be final, conclusive and binding upon the employees, the company and the union. The union, on behalf of the plaintiff, unsuccessfully exhausted the grievance procedure. It then requested and obtained arbitration for him. The arbitrator decided that the discharge was justified. The plaintiff sought to vacate the award, claiming that the arbitrator showed partiality.

The statutes relating to, and governing, arbitration in this state are set out in chapter 909 of the General Statutes. The basis for arbitration in a

particular case is to be found in the written agreement between the parties. Action in the courts to compel compliance with the arbitration provisions of the agreement can be taken only by the parties as determined in the agreement. General Statutes §§ 52-408, 52-410. The plaintiff was not a party to the agreement, and it cannot be construed, as was the agreement in *Gilden* v. *Singer Mfg. Co.*, 145 Conn. 117, 139 A.2d 611, as giving him the status of a party for the purpose of compelling arbitration. It follows that he could not seek arbitration in his own right. *Arsenault* v. *General Electric Co.*, 147 Conn. 130, 133, 157 A.2d 918. And he could not be said to be a "party to the arbitration" under § 52-418 and therefore entitled to apply to have the award vacated. The court should have granted the defendant's motion to dismiss the application.

There is error in the form of the judgment, it is set aside and the court is directed to render judgment dismissing the application.

In this opinion the other judges concurred.