### HOUSING AUTHORITY OF THE CITY OF HARTFORD *v.* LOCAL 1161, COUNCIL 4, AFSCME ET AL.
### (2306)

TESTO, DUPONT and BORDEN, Js.

Argued October 4, 1983—decision released January 3, 1984

*Walter A. Twachtman, Jr.,* with whom were *George E. Tillinghast, Jr.,* and, on the brief, *Mark K. Branse,* for the appellant (defendant Elizabeth Armstrong).

*Alan I. Scheer,* with whom, on the brief, was *Morris Apter,* for the appellee (plaintiff).

BORDEN, J. The trial court vacated an arbitration award as being beyond the submission to arbitration. The defendant Elizabeth Armstrong appealed[1] raising four issues. We do not reach those issues because we conclude that Armstrong lacks standing to appeal.

---

[1] This appeal, originally filed in the Supreme Court, was transferred to this court. Public Acts, Spec. Sess., June, 1983, No. 83-29, § 2 (c).

The plaintiff, Hartford Housing Authority (housing authority), and the defendant union, Local 1161 of Council No. 4 of the American Federation of State, County and Municipal Employees (AFSCME), were parties to a collective bargaining agreement which included a provision for arbitration by the Connecticut board of mediation and arbitration (board). Armstrong, as an employee of the housing authority and a member of AFSCME, was subject to the agreement. The housing authority terminated her employment and AFSCME requested arbitration.[2] She and the housing authority agreed that the issue to be decided was whether her termination was justified. Both AFSCME and Armstrong appeared and participated in the arbitration proceedings. The board decided that her termination was not justified and ordered her reinstated with back pay. The housing authority applied to the Superior Court to vacate the arbitration award under General Statutes § 52-418 (a) and summoned both AFSCME and Armstrong as defendants. AFSCME did not appear, and the record does not indicate that either Armstrong or the housing authority took any further action to require its presence as a party. The trial court vacated the award as being beyond the submission, from which only Armstrong appealed.

We are confronted at the threshold with Armstrong's lack of standing to appeal. Although her status was not questioned in the trial court, or initially on appeal,[3] we are constrained to conclude that, because she was not a party to the arbitration proceedings, she has no stand-

---

[2] There was a stipulation of facts in the trial court which erroneously stated that Armstrong requested the arbitration. The memorandum of decision, however, noted that AFSCME requested the arbitration; the error in the stipulation was brought to our attention by Armstrong in her brief on the issue of her standing to appeal.

[3] The question of Armstrong's standing to appeal was raised by this court at oral argument. Subsequently we ordered the parties to file supplemental briefs on the issue of standing, at which time the housing authority moved

ing to appeal a judgment vacating the award. The appeal must therefore be dismissed. See *Ardmare Construction Co.* v. *Freedman,* 191 Conn. 497, 498 n.4, 467 A.2d 674 (1983).

Unless a collective bargaining agreement provides for a personal right to seek arbitration; see, e.g., *Gilden* v. *Singer Mfg. Co.,* 145 Conn. 117, 139 A.2d 611 (1958); an employee subject to the agreement is not a "party to the arbitration" under General Statutes § 52-417 and thus has no standing to apply to confirm an award. *Hartford* v. *Local 308,* 171 Conn. 420, 429, 370 A.2d 996 (1976). Such an employee "could not be said to be a 'party to the arbitration' under § 52-418" and thus has no standing to apply to vacate an award. *McCaffrey* v. *United Aircraft Corporation,* 147 Conn. 139, 142, 157 A.2d 920, cert. denied, 363 U.S. 854, 80 S. Ct. 1636, 4 L. Ed. 2d 1736 (1960); see also *Mazur* v. *Blum,* 184 Conn. 116, 441 A.2d 65 (1981) (individual employee not a party to the arbitration under General Statutes § 10-153f [c] [7], the arbitration statute governing collective bargaining disputes between municipalities and teachers' unions). If an employee lacks standing to apply either to confirm or to vacate an award, it follows that she lacks standing to appeal from a judgment vacating an award.

The collective bargaining agreement here provides for arbitration between AFSCME and the housing authority. While the first three steps of the grievance procedure involve the employee's rights to proceed, the fourth step provides that if the grievance is not settled in step three "the *Union* may submit the dispute to" arbitration by the board, the decision of which "shall be final and binding on *both* parties." (Emphasis added.)

to dismiss the appeal. Even in the absence of such a motion, however, because standing involves this court's jurisdiction, we are required to address the issue. *Ardmare Construction Co.* v. *Freedman,* 191 Conn. 497, 498 n.4, 467 A.2d 674 (1983).

There is no language in the agreement giving Armstrong a personal right to arbitration. Cf. *Gilden* v. *Singer Mfg. Co.*, supra. Although she helped frame the issue for arbitration and participated in the arbitration proceedings, the award and the rest of the documents in the record make clear that the housing authority and AFSCME were the parties to the arbitration. The absence of AFSCME as an appellant here, however, is fatal to this appeal.

Armstrong argues in effect that by permitting her to participate in the arbitration, the housing authority waived its right to insist on AFSCME as the only party to the arbitration and thus made her a party as well. We disagree. AFSCME initiated the arbitration pursuant to the clear language of the agreement making AFSCME and the housing authority the parties to the arbitration, and AFSCME participated in the arbitration proceedings. The additional participation of Armstrong is an insufficient basis on which to conclude that she thereby became a party to the proceedings.

Armstrong also argues in effect that, because the housing authority made her a party defendant in the trial court, she has standing here. This argument misconstrues the nature of standing to appeal. Since she was not a party to the original arbitration proceedings, the housing authority could not, by summoning her as a party defendant in the trial court, confer such standing on her. Standing is a matter of subject matter jurisdiction which cannot be conferred by the parties. See *LaBow* v. *LaBow*, 171 Conn. 433, 441, 370 A.2d 990 (1976); *Nader* v. *Altermatt*, 166 Conn. 43, 53, 347 A.2d 89 (1974).

The appeal is dismissed.

In this opinion the other judges concurred.