[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Robert Cassatto (hereafter Cassatto) brought this action to vacate and stay the implementation and enforcement of an arbitration award. Cassatto named CT Page 173 two defendants in this suit, the Winchester Board of Education (Board) and the National Association of Government Employees (hereafter NAGE). During all times pertinent to the arbitration proceeding, Cassatto alleges he was an employee of the defendant Board.
By the terms of the collective bargaining agreement attached to and made part of the complaint, NAGE alone and not Cassatto could seek and be a party to the arbitration which resulted in a ruling unfavorable to Cassatto's position.
The Board has now filed a motion to dismiss for lack of subject matter jurisdiction on the grounds that Cassatto, not being a party to the arbitration, has no standing to attack the award.
"Standing concerns the legal right of an individual to set the machinery of the courts in operation." Alarm Applications, Inc. v. Simsbury Volunteer Fire Co., Inc.,179 Conn. 541, 543-546 (1980). "Where a party is found to lack standing the court is consequently without subject matter jurisdiction to determine the cause." Christ-Janer v. A. F. Conte Co., 8 Conn. App. 83, 90 (1986).
A motion to dismiss may be used to assert lack of jurisdiction over the subject matter. Conn. Practice Bk. 143. "Once the issue of subject matter jurisdiction is raised, the court must dispose of this legal question as a threshold matter." Kinney v. State, 213 Conn. 54,58 (1989). "Whenever a court discovers that it has no jurisdiction it is bound to dismiss the case, without regard to previous rulings. Cahill v. Board of Education,198 Conn. 229, 238 (1985). "Arbitration is the voluntary submission by the interested parties, of an existing or future dispute to a disinterested person or persons for final determination." Gary Excavating, Inc. v. Town of North Haven, 164 Conn. 119, 121 (1972). The scope of judicial review of an arbitration award is limited by the terms of the parties' submission and by the provisions of General Statute 52-418. American Universal Ins. Co. v. DelGreco, 205 Conn. 178, 185 (1987). Connecticut General Statutes 52-418 provides in pertinent part:
 (a) Upon the application of any party to an arbitration, the superior court for the judicial district in which one of the parties resides . . . shall make an order vacating the award. . . . (Emphasis added).
In support of the motion to dismiss, the Board argues that CT Page 174 the grievance procedure set forth in the collective bargaining agreement only allows NAGE to process a grievance to arbitration, Article VIII, Section 2, step 4 of the collective bargaining agreement provides in relevant part: "Should the Union (NAGE) be dissatisfied . . . it may file a claim for arbitration. . . . The Board therefore argues that Cassatto does not have a personal right to bring a grievance to arbitration. Therefore, the Board argues that since Cassatto was not a party to the arbitrator proceeding, he lacks standing, pursuant to Conn. Gen. Stat. 52-418, to move to vacate the arbitration award.
Cassatto, in turn argues that he was made a de facto party to the arbitration proceeding, by virtue of the fact that NAGE asserted his (Cassatto's) constitutional and first amendment rights in the course of representing him.
The issue of standing in the context of a motion to vacate an arbitration award has been directly addressed by the Connecticut Supreme Court. In McCaffrey v. United Aircraft Corporation, 147 Conn. 139, 142 (1960), the court found that the plaintiff was not a party to the arbitration proceeding and "could not be said to be a `party to the arbitration' under 52-418 and therefore entitled to apply to have the award vacated." The appellate court has also addressed the issue.
"Unless a collective bargaining agreement provides for a personal right to seek arbitration, an employee subject to the agreement is not a "party to the arbitration". . . . Such an employee "could not be said to be a `party to the arbitration' under 52-418 and thus has no standing to apply to vacate an award." Housing Authority v. Local 1161, 1 Conn. App. 154,156 (1984).
Since the collective bargaining agreement provides for arbitration between the Board and NAGE. Cassatto did not have a personal right to seek arbitration. Accordingly, the motion to dismiss should be and is hereby granted.
McDONALD, J.