[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
On August 14, 1989, the plaintiff G.R.W.L. Associates entered into a written contract with the defendant Dana Wright d/b/a Project Control, in which the defendant agreed to perform certain construction work including the repair and/or installation of a roof and skylights at 2189 Silas Deane Highway, Rocky Hill, Connecticut. The plaintiff alleges that the defendant Wright breached the contract and was negligent in that the roofing work was not performed in a workmanlike manner.
The defendant now moves to dismiss the complaint against him claiming that the matters now before this court are properly dealt with in arbitration under the contract.
The arbitration clause in the contract reads as follows:
 4.5.1 Controversies and Claims Subject to Arbitration. Any controversy or Claim arising out of or related to the Contract, or the breach thereof, shall be settled by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association, and judgment upon the award rendered by the arbitrator or arbitrators may be entered in any court having jurisdiction thereof, except controversies or Claims relating to CT Page 313 aesthetic effect and except those waived as provided for in Subparagraph 4.3.5. Such controversies or Claims upon which the Architect has given notice and rendered a decision as provided in Subparagraph 4.4.4 shall be subject to arbitration upon written demand of either party. Arbitration may be commenced when 45 days have passed after a Claim has been referred to the Architect as provided in Paragraph 4.3 and no decision has been rendered. (Emphasis added.)
Subparagraph 4.3.5 which is referenced in 4.5.1 provides:
 4.3.5 Waiver of Claims: Final Payment. The making of final payment shall constitute a waiver of Claims by the Owner except those arising from:
 .1 liens, Claims, security interests or encumbrances arising out of the Contract and unsettled;
 .2 failure of the Work to comply with the requirements of the Contract Documents; or
 .3 terms of special warranties required by the Contract Documents.
If an arbitration clause exists in a contract, arbitration "should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage." Welch Group, Inc. v. Creative Drywall, Inc., 215 Conn. 464, 467 (1990) (emphasis in original). When read together, subparagraphs 4.5.1 and 4.3.5 indicate that a claim that work has failed to comply with the requirements of a contract is a claim which is subject to arbitration.
"Where the parties contractually agree to a procedure and have delineated the authority of the arbitrators, CT Page 314 they must adhere to, and are bound by, the limits which they have set." Trumbull v. Trumbull Police Local 1745, 1 Conn. App. 207,211-212 (1984). Thus, "if the parties have expressly agreed to submit a matter to arbitration, the issue is not one for court determination." See Paranko v. State, 200 Conn. 51,58 (1986). As the parties in this matter have agreed to submit to arbitration disputes concerning the failure of work to comply with contract requirements, the claims against the defendant Wright are properly settled by arbitration rather than litigation.
Accordingly, the defendant's motion to dismiss is granted.
MARSHALL K. BERGER, JR. JUDGE, SUPERIOR COURT