[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MR. SEALE'S MOTION TO SUBSTITUTE HIMSELF. INDIVIDUALLY. AS APPLICANT
On January 21, 1999, an Application to Vacate or Correct an Arbitration Award ("application") was filed with the court in the name of the International Federation of Professional and Technical Engineers (hereafter"IFPTE"), Local No. 134 against the town of Stratford.[1] The application states that IFTPE Local No. 134, on behalf of its member Gladstone Seale, filed a grievance against Stratford. The application further states that the State Board of Mediation and Arbitration issued an award regarding the grievance on December 11, 1998. The applicant seeks to vacate the award on the ground that the decision was not rendered on the merits.
Gladstone Seale, the employee in the arbitration award, filed the present motion to substitute himself as the proper plaintiff/applicant in the above action on March 2, 1999.[2]
The defendant town of Stratford opposes the motion. CT Page 8666
In general, "[w]hen any action has been commenced in the name of the wrong person as plaintiff, the court may, if satisfied that it was so commenced through mistake, and that it is necessary for the determination of the real matter in dispute so to do, allow any other person to be substituted or added as plaintiff." General Statutes § 52-109; see also Practice Book § 9-20; Wickes Mfg. Co. v. Currier Electric Co.,25 Conn. App. 751, 760, 596 A.2d 1331 (1991).
The town of Stratford argues that the employee is not a "party to the arbitration" under § 52-418 of the General Statutes, and therefore lacks standing to pursue an application to vacate the arbitration award. "Standing is a matter of subject matter jurisdiction. . . ." Housing Authority v. Local 1161,1 Conn. App. 154, 157, 468 A.2d 1251 (1984). If a party lacks standing to bring an action, the court cannot entertain the action. See id., 155-56.
Section 52-418 (a) provides in relevant part that "[u]pon . . . [the] application of any party to an arbitration,
the superior court . . . shall make an order vacating the award if it finds any of the following defects. . . ." (Emphasis added.) General Statutes § 52-418 (a). If the employee is not a party to the arbitration, the employee lacks standing to pursue an application to vacate an arbitration award under § 52-418.Housing Authority v. Local 1161, supra. 1 Conn. App. 156;McCaffrey v. United Aircraft Corporation, 147 Conn. 139, 142,157 A.2d 920, cert. denied, 363 U.S. 854, 80 S.Ct. 1636,4 L.Ed.2d 1736 (1960). The employee cannot be considered a party to the arbitration where there is no language in the agreement giving the employee a personal right to arbitration.[3] HousingAuthority v. Local 1161, supra, 1 Conn. App. 156-57; McCaffrey v.United Aircraft Corporation, supra, 147 Conn. 14 1-42.
Here, the collective bargaining agreement between IFTPE Local No. 134, and the town of Stratford, gives only the union and the town the right to submit disputes to arbitration. Step 2.C of Section 17.3 provides, in relevant part, that "the Association may within ten (10) working days thereafter submit the dispute to the State Board of Mediation and Arbitration to provide Arbitration Service and shall simultaneously notify the town that it has submitted the grievance to Arbitration. The decision of the Arbitration Panel shall be final and binding on both parties." (Application to Vacate or Correct Arbitration Award, Exhibit A, pp. 28-29). Section 17.6 of the collective bargaining CT Page 8667 agreement provides that "[n]othing in this Article is intended to prohibit the Town from filing a Grievance against the Union." (Application to Vacate or Correct Arbitration Award, Exhibit A, p. 29). The collective bargaining agreement does not contain any provision giving individual employees the right to submit disputes to arbitration. Under Section 17.3 and 17.6 of the agreement, only the union or the town may submit grievances to arbitration.[4] Accordingly, it is submitted that the employee was not a party to arbitration and therefore lacks standing to bring the present application.
The employee relies upon General Statutes § 7-468(d), now § 7-468(e),[5] to argue that the substitution of the employee as the plaintiff/applicant is necessary for the determination of the real matter in dispute. Section 7-468 (e) provides that "[am individual employee at any time may present a grievance to his employer and have the grievance adjusted, without intervention of an employee organization, provided the adjustment shall not be inconsistent with the terms of a collective bargaining agreement then in effect. . . ." The employee argues that because the pursuit of this application is not inconsistent with the collective bargaining agreement, it is proper to substitute the employee as the proper plaintiff/applicant. Public Acts 1993, No. 93-426, § 4.
It is submitted § 7-468 (e) does not confer standing upon the employee. Section 7-468 (e) provides only that an employee may present a grievance to his employer. General Statutes §7-468 (e). Section 7-468 (e) does not, by its terms, provide the employee a right to submit disputes to arbitration. See General Statutes § 7-768 (e). Accordingly, the plaintiff does not have standing to pursue the application and his application must be denied.
NADEAU, J.