## CONNECTICUT PODIATRIC MEDICAL ASSOCIATION ET AL. *v.* HEALTH NET OF CONNECTICUT, INC.

Superior Court, Complex Litigation Docket at Waterbury
File No. X01-CV-05-4005900S

Memorandum filed February 1, 2006

*Murtha Cullina, LLP*, for the plaintiffs.

*Robinson & Cole, LLP*, for the defendant.

SHEEDY, J. The plaintiff Connecticut Podiatric Medical Association (association) and three individual plaintiffs, podiatrists Jeffrey F. Yale, Anthony R. Iorio and R. Daniel Davis, have filed a class action complaint against the defendant,[1] Health Net of Connecticut, Inc. (Health Net), in which it is alleged that the defendant reimbursed the plaintiffs at lower rates than it reimbursed medical doctors for the same services. Yale, Iorio and Davis are individual podiatrists who claim to have received insufficient reimbursement; the association is a professional association comprised of just such individual podiatrists as the three named practitioners, who bring the action individually and on behalf of a class of others similarly situated. The governing complaint is the revised class action complaint of July 13, 2005. It is awkwardly constructed in that it is brought in two counts, each of which asserts a violation of the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110a et seq. Count one alleges that in unfairly discriminating against these individual plaintiffs and the association, the defendant violated both CUTPA and the Connecticut Unfair Insurance Practices Act (CUIPA), General Statutes § 38a-815 et seq. Count two asserts, in its caption, to be a straight

---

[1] Both the defendant's motion to dismiss and its reply brief display the wrong docket number, which delays the arrival of the pleading or brief here at the complex litigation docket. The parties are to note the aforementioned point and are directed subsequently to use the proper docket number.

CUTPA claim, yet, reference is subsequently made in that count to a violation of CUIPA. The plaintiffs seek money damages and injunctive relief.

The defendant has filed a motion to dismiss all claims for monetary relief asserted by the association on the ground that it lacks standing to pursue a claim for economic damages on behalf of its members. The association does not, in its objection, address the substantive merits of the defendant's claim but argues instead: (1) the present motion is not the proper procedural vehicle to attack a complaint's prayer for relief; and (2) the defendant has, under Practice Book §§ 10-6 and 10-7, waived its right to file a motion to dismiss because it earlier filed a request to revise. Both parties have submitted supporting memoranda of law, and neither has requested oral argument, thus consenting to the court's adjudication on the papers.

I

APPLICABLE LAW

"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Internal quotation marks omitted.) *Gurliacci* v. *Mayer*, 218 Conn. 531, 544, 590 A.2d 914 (1991); see also *Kizis* v. *Morse Diesel International, Inc.*, 260 Conn. 46, 51, 794 A.2d 498 (2002). "A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction." *Upson* v. *State*, 190 Conn. 622, 624, 461 A.2d 991 (1983). "The motion to dismiss . . . admits all facts which are well pleaded, invokes the existing record and must be decided upon that alone." (Internal quotation marks omitted.) *Barde* v. *Board of Trustees*, 207 Conn. 59, 62, 539 A.2d 1000 (1988). "The plaintiff bears the burden of proving subject matter jurisdiction . . . ." *Fink* v. *Golenbock*, 238 Conn. 183, 199 n.13, 680 A.2d 1243 (1996). Subject matter jurisdiction "is the power [of the court] to hear and determine cases of

the general class to which the proceedings in question belong." (Internal quotation marks omitted.) *Federal Deposit Ins. Corp.* v. *Crystal,* 251 Conn. 748, 763, 741 A.2d 956 (1999).

"[A] motion to dismiss is not designed to test the legal sufficiency of a complaint in terms of whether it states a cause of action." *Pratt* v. *Old Saybrook,* 225 Conn. 177, 185, 621 A.2d 1322 (1993). "When a motion to dismiss for lack of personal jurisdiction raises a factual question which is not determinable from the face of the record, the burden of proof is on the plaintiff to present evidence which will establish jurisdiction." *Standard Tallow Corp.* v. *Jowdy,* 190 Conn. 48, 54, 459 A.2d 503 (1983).

## II

## ADJUDICATION

In its revised complaint, the association clearly claims representational standing: "The [association] brings this action in its representational capacity on behalf of its members." It does not—and cannot—dispute the defendant's claim in that regard. It has chosen not to address that claim in its objection. Regarding representational standing, our Supreme Court, in *Gay & Lesbian Law Students Assn.* v. *Board of Trustees,* 236 Conn. 453, 464, 673 A.2d 484 (1996), announced its adoption of the federal standard as enunciated in *Hunt* v. *Washington State Apple Advertising Commission,* 432 U.S. 333, 97 S. Ct. 2434, 53 L. Ed. 2d 383 (1977). That standard provides that an association has standing to bring suit on behalf of its members when: "(a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) *neither the claim asserted nor the relief requested* requires the participation of individual members in the lawsuit." (Emphasis aded.) Id., 43. Even if the court assumes arguendo that the first two prongs of the standard are satisfied, the defendant asserts that the third prong cannot be satis-

fied—and the court agrees. See *Rent Stabilization Assn.* v. *Dinkins*, 5 F.3d 591, 596 (2d Cir. 1993), citing *Hunt* v. *Washington State Apple Advertising Commission*, supra, 343. The plaintiffs here seek money damages and injunctive relief. With regard to the claim for prospective relief, "it can reasonably be supposed that the remedy, if granted, will inure to the benefit of those members of the association actually injured." *Warth* v. *Seldin*, 422 U.S. 490, 515, 95 S. Ct. 2197, 45 L. Ed. 2d 343 (1975). Our Supreme Court has said that the issue of standing may be decided by inspecting the allegations of the complaint and determining whether they are facially sufficient to state a claim that is based either on direct injury to the association or injury to its members. *Connecticut Assn. of Health Care Facilities, Inc.* v. *Worrell*, 199 Conn. 609, 616–17, 508 A.2d 743 (1986). In *Connecticut Assn. of Health Care Facilities, Inc.*, a dismissal for lack of standing was reversed because the complaint's allegations were found sufficient to confer standing. There, however, the only relief sought was declaratory relief. The court went on to say: "Because money damages are not sought for alleged injuries to the individual members, proof relating solely to the variant experiences . . . will not be necessary." Id., 617. Although it is so that when considering the issue of standing raised by a motion to dismiss, the trial court must accept as true the factual allegations of the complaint; *Warth* v. *Seldin*, supra, 501; *Ganim* v. *Smith & Wesson Corp.*, 258 Conn. 313, 326, 780 A.2d 98 (2001); the allegation that the association has representational standing is a legal conclusion, the truth of which is discredited when one considers whether, as to the monetary relief sought, the participation of the individual member podiatrists is required.

In the present case, proof of the alleged unfair trade practices will, as the defendant argues, require proof of actions that the defendant took as to each class

member, the effect of those actions on each such class member and the number of instances in which the class member claims to have been under reimbursed so as to permit individual damage calculations. The association, unlike the individual podiatrist members of the class, is not a provider of podiatric services. It is a professional organization "composed of podiatrists who are doctors of podiatric medicine and practitioners of the healing arts licensed to practice in the State of Connecticut." It purports to represent a class of every Connecticut podiatrist participating in the defendant's network. It is relevant that the association does not assert any claims on its behalf but solely in its representational capacity on behalf of its members. The solitary inquiry then is whether the claim for money damages on behalf of its members will require the direct participation of its podiatric members. Its statement that it will not is unsupported by any specific facts in support of that conclusory claim. In a recent reversal of this court's certification of a class, our Supreme Court held that each class member would need to show individualized proof of harm to recover under CUTPA and that certification of the class was error because " 'individualized inquiries would overwhelm any common issues surrounding the [defendant's challenged policy].' " *Collins* v. *Anthem Health Plans, Inc.*, 275 Conn. 309, 338, 880 A.2d 106 (2005).[2]

The association, in choosing not to address the substantive claims of the defendant in this motion to dismiss, has waived the right to do so later. This court does not know how the monetary relief the association seeks on behalf of its members can be calculated and awarded without the individual participation of its members. Both the claim asserted and the relief it seeks

---

[2] This court, in response to the ruling in *Collins*, provided notice of the same to counsel in each pending class action before it for whatever import *Collins* may have with regard to class certification in those areas.

require the same, and the association thus lacks representational standing under the third prong of *Hunt* and *Gay & Lesbian Law Students Assn.* to assert a claim for monetary relief.

The court also finds unpersuasive the two technical arguments advanced by the association in its objection to the granting of this motion. The association first argues that this motion is not the correct procedural vehicle to attack a prayer for relief and that under "Practice Book § 10-35 (a) (2)," that vehicle is a motion to strike.[3] Practice Book § 10-39 (a) (2) provides that a party "may" file a motion to strike to contest, inter alia, the legal sufficiency of a prayer for relief; by its terms, it does not provide that it is the exclusive vehicle particularly when, as here, the disputed issue is that of standing. *Housing Authority* v. *Local 1161*, 1 Conn. App. 154, 157, 468 A.2d 1251, cert. denied, 192 Conn. 802, 471 A.2d 244 (1984). "A motion to dismiss [for lack of standing] . . . properly attacks the jurisdiction of the court . . . ." (Internal quotation marks omitted.) *West Hartford* v. *Murtha Cullina, LLP*, 85 Conn. App. 15, 20, 857 A.2d 354, cert. denied, 272 Conn. 907, 863 A.2d 700 (2004). Practice Book § 10-31 (a) (1) provides: "The motion to dismiss *shall* be used to assert lack of jurisdiction over the subject matter . . . ." (Emphasis added.) This argument ignores the obvious—which is that the defendant claims that the association cannot state either a claim of representational standing or a claim for money damages here because both require individualized proof and, thus, a motion to dismiss is properly granted. See, e.g., *Connecticut State Medical Society* v. *Oxford Health Plans (CT), Inc.*, 272 Conn. 469, 473 n.4, 863 A.2d 645 (2005). The association does not contest the same. As authority for its proposition,

---

[3] The court considers the reference to Practice Book § 10-35 to be a mere typographical error and that the intended reference is to Practice Book § 10-39 (a) (2).

the association cites two Superior Court cases, which, although both in dicta, state that the appropriate manner by which to attack the "legal sufficiency"[4] of a prayer for relief is by a motion to strike; both, however, decide the issue on other grounds. In *Kalako* v. *O'Toole*, Superior Court, judicial district of Ansonia-Milford, Docket No. CV-97-0059078S (July 31, 1997) (*Thompson, J.*), the court denied the application for temporary mandamus because the plaintiff failed to establish a clear legal right to remain in office and, in the interest of judicial economy, treated the motion to dismiss as a motion to strike. In *F.E. Crandall Disposal, Inc.* v. *Windham*, Superior Court, judicial district of New London, Docket No. 533739 (December 16, 1998) (*Martin, J.*), the court denied the motion to dismiss for lack of subject matter jurisdiction because the prior motion for summary judgment, which pertained to the issue of standing, was correctly decided.[5] These decisions showcase the fundamental principle that subject matter jurisdiction can be raised at any time; *Kizis* v. *Morse Diesel International, Inc.*, supra, 260 Conn. 52; and that "[w]henever a court discovers that it has no jurisdiction, it is bound to dismiss the case . . . ." (Internal quotation marks omitted.) *Millward Brown, Inc.* v. *Commissioner of Revenue Services*, 73 Conn. App. 757, 766, 811 A.2d 717 (2002); see also Practice Book § 10-33.[6]

The plaintiff's second argument—that the defendant waived its right to file a motion to dismiss by virtue of having earlier filed multiple requests to revise—ignores

[4] The defendant contests not the "legal sufficiency" of the prayer for relief, but, rather, the association's standing to bring the present action, which seeks money damages on behalf of the class members. It, therefore, contests the court's jurisdiction.

[5] That motion for summary judgment was denied because Judge Handy concluded that there were genuine issues of material fact.

[6] Practice Book § 10-33 provides in pertinent part that "whenever it is found . . . that the court lacks jurisdiction of the subject matter, the judicial authority shall dismiss the action."

the previously cited case law that provides that the issue of subject matter jurisdiction can be raised at any time. Practice Book § 10-7 provides that the filing of any pleading provided for by Practice Book § 10-6 (which dictates the order of pleadings) will waive the right to file any pleading that might have been filed "in due order and which precedes it" in the order of pleading provided by Practice Book § 10-6 "when the judicial authority does not otherwise order." The transcript of the initial status conference that this court conducted on July 11, 2005, makes three things clear. First, the defendant advised the court of its intent to file a motion to dismiss. Second, the association then remained silent with regard to the waiver argument it now raises. Third, and finally, the court, in view of our state's decisional law, noted its agreement to the defendant's filing of the motion to dismiss. The case management order in the file dated July 12, 2005, provides: "A motion to dismiss or a motion to strike shall be filed by October 3, 2005." The present motion was filed on October 3, 2005, although, inexplicably, no request for its adjudication was filed until December 14, 2005.

### III

### CONCLUSION

The defendant's motion to dismiss is, therefore, granted for lack of subject matter jurisdiction.