E & F Construction Company, Inc. *v.* Rissil Construction Associates, Inc.

Cotter, C. J., Bogdanski, Peters, Healey and Parskey, Js.

Argued May 9—decision released June 24, 1980

*Robert A. Slavitt,* for the appellant (plaintiff).

*Irving S. Ribicoff,* with whom, on the brief, were *Samuel J. Henderson* and *Mark J. Kolovson,* for the appellee (defendant).

Per Curiam. The plaintiff appeals in a dispute regarding the defendant's contractual obligation to perform the cast-in-place concrete work in the construction of the Creative Arts Center at Wesleyan University. The defendant, Rissil Construction Associates, Inc. (hereinafter Rissil), filed a demand for arbitration with the American Arbitration Association in order to resolve its claims against the plaintiff, E & F Construction Company, Inc. (hereinafter E & F), emanating from the work, labor, services and material rendered pursuant to the contract with the plaintiff. Although it appeared specially in the arbitration proceeding to challenge the jurisdiction of the American Arbitration Association, the plaintiff filed the present action for a declaratory judgment and injunctive relief enjoin-

ing the defendant from proceeding further with arbitration. From the judgment rendered in favor of the defendant, the plaintiff has appealed.

The finding, which is not subject to material correction, discloses the following: The plaintiff and Wesleyan University entered into a contractual relationship whereby the plaintiff would supervise the construction of the Creative Arts Center at Wesleyan. In furtherance of its obligations under the contract with Wesleyan, the plaintiff transmitted letters to several subcontractors, including Rissil, inviting them to submit bids for various portions of the construction. These letters stated[1] that the bid should be "in complete accordance with the specifications including the requirements of the General Conditions, the Supplementary Conditions, the Special Conditions and with the provisions of all applicable codes and laws." Initially, the defendant did not respond to the plaintiff's invitation to bid and negotiations between the parties commenced only after the intervention of the plaintiff's architect. In order to quote a price for the project, the defendant received plans, specifications and drawings relevant to the concrete subcontract, and, in particular, received the two addenda to the contract between E & F and Wesleyan. Upon accept-

[1] The letters also indicated that the plans and specifications relating to the project were available at the plaintiff's office, by mail, or at five designated locations for perusal by interested bidders. The plans and specifications were comprised of several documents including information for bidders, base bid and alternates, drawings and several documents promulgated by the American Institute of Architects (hereinafter AIA) including Bid Bond AIA Document A310, Standard Form of Agreement between Owner and Contractor AIA Document A101, Performance/Labor Material Bond AIA Document A311, and General and Supplementary Conditions of the Contract for Construction AIA Documents A201 and A201/SC and supplement. A list of special conditions and two addenda were also included.

ance of the defendant's bid, E & F prepared Purchase Order No. 5525 on a preprinted form, utilized by E & F for many years, which embodied the contract between itself and Rissil. That purchase order, which was subsequently amended in a manner not material hereto, required Rissil to "furnish all labor, material and equipment to perform the Cast-In-Place Concrete Work as required for the caption project, in accordance with plans, specifications, Addenda 1 and 2, and approval of [the architect]." In addition, paragraph five of the purchase order form provided that Rissil was bound to E & F in the same manner and to the same extent as E & F was bound to Wesleyan University. When the present dispute arose, Rissil made a demand for arbitration in accordance with § 7.10 of the General Conditions, AIA Document A201, which is a part of the contract between E & F and Wesleyan, and which Rissil claims was incorporated by reference into its contract with E & F. The principal claim presented by the plaintiff is that the trial court erred in concluding that the arbitration provisions contained in E & F's contract with Wesleyan were incorporated by reference into its contract with Rissil.

"Where . . . the signatories execute a contract which refers to another instrument in such a manner as to establish that they intended to make the terms and conditions of that other instrument a part of their understanding, the two may be interpreted together as the agreement of the parties. See *Boston Lumber Co.* v. *Pendleton Bros., Inc.*, 102 Conn. 626, 631, 129 A. 782; 1 Corbin, Contracts, p. 97." *Batter Building Materials Co.* v. *Kirschner*, 142 Conn. 1, 7, 110 A.2d 464; *Randolph Construction Co.* v. *Kings East Corporation*, 165 Conn. 269, 275,

334 A.2d 464; *Greenwich Plumbing & Heating Co.
v. A. Barbaresi & Son, Inc.,* 147 Conn. 580, 583, 164
A.2d 405. "The intention of the parties to a contract is to be determined from the language used
interpreted in the light of the situation of the parties and the circumstances connected with the transaction. The question is not what intention existed
in the minds of the parties but what intention is
expressed in the language used." *Ives* v. *Willimantic,* 121 Conn. 408, 411, 185 A. 427; *Leonard
Concrete Pipe Co.* v. *C. W. Blakeslee & Sons, Inc.,*
178 Conn. 594, 424 A.2d 277; *Powel* v. *Burke,* 178
Conn. 384, 423 A.2d 97; *White Oak Corporation* v.
*State,* 170 Conn. 434, 439, 365 A.2d 1162.

The plaintiff contends that the trial court erred
in concluding that the parties intended the arbitration provisions of AIA Document A201 to be incorporated in the subcontract between itself and Rissil.
In view of the fact that the plaintiff drafted many
of the contract documents and chose to include several AIA documents, some with modifications
drafted by the plaintiff, in its contract with Wesleyan, in addition to drafting its contract with
Rissil, we find no merit in the plaintiff's contention
that it did not intend what the terms of the construction contract clearly import, namely, that the
terms of the general contract were to be incorporated into the subcontract. Interestingly, the plaintiff contends, contrary to the position of the defendant, that the defendant could not have intended that
the arbitration provisions of AIA Document A201
were to be incorporated into the subcontract since
Rissil did not receive the portion of the general contract containing the arbitration provision prior to
executing Purchase Order No. 5525 and therefore
could not know that the general contract contained

any such provisions. This argument is unpersuasive for, as we stated in *Batter Building Materials Co. v. Kirschner,* supra, 7, "[n]or is a party allowed, in the absence of accident, fraud, mistake or unfair dealing, to escape his contractual obligations by saying . . . that he did not read what was expressly incorporated as specific provisions of the contract into which he entered." In addition, addendum number two to the general contract, which the defendant received prior to submitting its bid, indicated that AIA Document A201 was part of the general contract and the trial court found that the defendant was familiar with that document and the arbitration provisions contained therein. It is, therefore, apparent that the defendant expected the arbitration provisions of AIA Document A201 to be contained in the general contract, which it ultimately was, and the fact that other AIA documents were modified is of no consequence.

There is no error.