WESLEYAN UNIVERSITY *v.* RISSIL CONSTRUCTION ASSOCIATES, INC., ET AL.
(2333)

DANNEHY, C.P.J., TESTO and DUPONT, Js.

Argued October 4, 1983—decision released March 13, 1984.

*George D. Royster, Jr.,* with whom, on the brief, were *Robert J. Hebron* and *John W. Lemega,* for the appellant (plaintiff).

*Samuel J. Henderson,* with whom was *Irving S. Ribicoff,* for the appellees (defendants).

DANNEHY, C.P.J. Certain basic facts claimed by the parties to be material to the determination of this action seeking a declaratory judgment and ancillary injunctive relief were undisputed. At the hearing in the trial court, the parties neither called nor examined witnesses. In other words, this action was presented for decision on the pleadings which thus amounted to a stipulation of the facts.

On July 14, 1970, the plaintiff, Wesleyan University, (Wesleyan) and The E & F Construction Company, Inc. (E & F), entered into a contractual relationship whereby E & F would supervise the construction of a creative arts center at Wesleyan University. In furtherance of its obligation under the contract with Wesleyan, E & F entered an agreement with the defendant Rissil Construction Associates, Inc. (Rissil), under which Rissil was to perform certain cast-in-place concrete work as required for the construction of the arts center. Wesleyan was not a signatory to the subcontract between E & F and Rissil.

On or about September 8, 1975, Rissil filed a demand for arbitration with the defendant American Arbitration Association in order to resolve claims against Wesleyan and E & F which arose from its subcontract with E & F. Wesleyan thereafter brought this action

to the Superior Court for a declaratory judgment as to whether it was required to arbitrate, and for injunctive relief staying and restraining any such arbitration. On September 24, 1975, the trial court issued an ex parte injunction temporarily enjoining Rissil and the American Arbitration Association from proceeding with arbitration. Wesleyan now appeals from the trial court's subsequent dissolution of the temporary injunction and from its order that Wesleyan proceed with arbitration.[1]

The sole question upon appeal is whether Wesleyan, which has agreed to arbitrate with E & F all claims arising out of, or relating to, the contract between them, is required under *E & F Construction Co.* v. *Rissil Construction Associates, Inc.*, 181 Conn. 317, 435 A.2d 343 (1980), to arbitrate claims with Rissil arising out of a subcontract to which Wesleyan was not a party.

In the beginning, it should be noted that the contract between Wesleyan and E & F was a standard American Institute of Architects, owner-architect agreement containing, in paragraph 7.10.1 of the general conditions, an arbitration clause which provided that "[a]ll claims, disputes and other matters in question arising out of, or relating to, this Contract or the breach thereof . . . shall be decided by arbitration in accordance with the Construction Industry Rules of the American Arbitration Association then obtaining unless the parties mutually agree otherwise." The contract also contained, in paragraph 5.1.3, a clause which provided that "[n]othing contained in the Contract Documents shall create any contractual relationship between the Owner or the Architect and any Subcontractor or Sub-subcontractor." Wesleyan thus did not agree to arbitrate with anyone other than E & F.

---

[1] This appeal, originally filed in the Supreme Court, was transferred to this court. Public Acts, Spec. Sess., June, 1983, No. 83-29, § 2 (c).

In denying relief to Wesleyan, the trial court relied upon *E & F Construction Co.* v. *Rissil Construction Associates, Inc.,* supra, as authority for its conclusion that Wesleyan was bound by an act of an agent, E & F, to arbitrate with Rissil. The trial court in its memorandum adopted this view which apparently furnished the only reason which actuated that court to render the judgment it did. Having examined that case, however, we find no support for the proposition that E & F was Wesleyan's agent and, consequently, see no foundation for the premise upon which the trial court relied.

*E & F Construction Co.* was a related case in which E & F brought a similar action for a declaratory judgment and injunctive relief enjoining the defendant from proceeding with arbitration. The dispute therein arose when Rissil made a demand to arbitrate with E & F under paragraph 7.10.1 of the contract between E & F and Wesleyan. The trial court rendered judgment for Rissil. On appeal, the Supreme Court upheld the lower court's refusal to enjoin arbitration on the ground that paragraph 7.10.1 of the agreement between Wesleyan and E & F was incorporated by reference into the contract between E & F and Rissil. Nowhere in the opinion does the court intimate that, in dealing with Rissil, E & F was acting as an agent for Wesleyan. The court was not considering any question of agency. There was none. The decision was based strictly on an interpretation of the subcontract between E & F and Rissil, and goes no further. There is, in that opinion, an entire absence of facts from which to make a deduction as to agency.

Arbitration is a creature of contract and without a contractual agreement to arbitrate there can be no arbitration. *John A. Errichetti Associates* v. *Boutin,* 183 Conn. 481, 488, 439 A. 2d 416 (1981), and cases cited therein. Even though it is the policy of the law to favor settlement of disputes by arbitration; *Board of Edu-*

*cation* v. *Waterbury Teachers' Assn.,* 174 Conn. 123, 126, 384 A.2d 350 (1977); arbitration agreements are to be strictly construed and such agreements should not be extended by implication. *School Authority* v. *Bogar & Bink,* 261 Pa. Super. 350, 353, 396 A.2d 433 (1978). Accordingly, the basis for arbitration in a particular case is to be found in the written agreement between the parties. *McCaffrey* v. *United Aircraft Corporation,* 147 Conn. 139, 142, 157 A.2d 920, cert. denied, 363 U.S. 854, 80 S. Ct. 1636, 4 L. Ed. 2d 1736 (1960). Persons thus cannot compel arbitration of a disagreement between or among parties who have not contracted to arbitrate that disagreement between or among themselves. *School Authority* v. *Bogar & Bink,* supra, 354. Wesleyan never contracted with Rissil. Because of this one salient fact, Rissil may not arbitrate its dispute, if any, with Wesleyan.

The trial court did not address the question of whether Rissil was a third party beneficiary of the arbitration provision in the contract between Wesleyan and E & F, even though the issue was raised at trial and briefed by both parties on appeal. Noting that Rissil chose not to file a cross appeal, in which it might have raised the third party beneficiary question, we shall not consider that issue here. Practice Book § 3003; *City Council* v. *Hall,* 180 Conn. 243, 247 n.5, 429 A.2d 481 (1980); *Duksa* v. *Middletown,* 173 Conn. 124, 129–30, 376 A.2d 1099 (1977).

We have decided this case upon the theory on which it was tried and presented to us. We fear that the court below was misled into believing that *E & F Construction Co.* v. *Rissil Construction Associates, Inc.,* supra, contained more than it does. Nothing in the reasoning of that case supports the conclusion that E & F's subcontract with Rissil required Wesleyan to arbitrate with Rissil.

There is error; the judgment is set aside and the case is remanded with direction to render judgment declaring that the contract between E & F and Wesleyan does not require Wesleyan to arbitrate any pending dispute with Rissil, and further declaring that Wesleyan is not required to participate in any arbitration proceedings based on the contract between E & F and Rissil.

In this opinion the other judges concurred.