THE WESTCO CORPORATION *v.* AMK
CONSTRUCTION CO., INC.
(2063)

TESTO, DUPONT and BORDEN, Js.

Submitted on briefs February 8—decision released April 10, 1984

*John J. Graubard* filed a brief for the appellant (defendant).

*Dean F. Radke* filed a brief for the appellee (plaintiff).

TESTO, J. This is an action for the breach of a written agreement between a general contractor and a plumbing supplier. The facts were agreed to by the parties in a stipulation to the court. The defendant, AMK Construction Co., Inc., contracted with State Wide Plumbing & Heating, Inc. (State Wide), a plumbing and heating subcontractor for a project in Brookfield. State Wide had routinely used the plaintiff, Westco Corporation, as plumbing suppliers and from past jobs owed the plaintiff a large sum of money. To induce the plaintiff to sell plumbing and heating materials to State Wide, the defendant agreed in writing that, in consideration of the plaintiff's supplying the materials, it would issue any checks which it might be obligated to issue to State Wide, to the plaintiff and State Wide jointly. At the time the defendant signed the agreement, it anticipated that substantially all the plumbing and heating materials which were to be installed by State Wide would be provided by the plaintiff.

Sometime thereafter, the defendant failed to make out all of the checks payable jointly to State Wide and the plaintiff and, thus, the plaintiff was not paid all it was due from State Wide for the materials delivered. The defendant issued checks for $7625 to State Wide and the plaintiff jointly, and checks for $6577.95 solely to State Wide. A portion of the materials required for the project, however, had to be purchased by State Wide from suppliers other than the plaintiff. The trial court rendered judgment for the plaintiff in the amount

of $6577.95. From that judgment the defendant has appealed.[1]

The sole issue[2] to be determined on appeal is the defendant's claim that the trial court erred in concluding that the agreement by the defendant to make all checks payable jointly to the subcontractor and the plaintiff did not contain an implied condition that the plaintiff supply all the plumbing and heating materials necessary for the defendant's project. This case rests upon the interpretation of the following clause in the agreement between the parties: "In consideration of your agreeing to supply plumbing and heating materials, we agree to have all checks made payable jointly to our plumbing and heating contractor [State Wide] and the Westco Corporation." In our view this issue is completely resolved by the factual stipulation of the parties that the defendant "would issue any checks which it might be obligated to issue to [State Wide] to both [State Wide] and the plaintiff jointly." This stipulation interpreted the agreement conclusively against the defendant. The $6577.95 in checks which the defendant issued solely to State Wide were clearly checks which the defendant "was obliged to issue to [State Wide]" and, thus, they were required to be issued to "both [State Wide] and the plaintiff jointly."

There is no error.

In this opinion the other judges concurred.

---

[1] This appeal was originally filed in the Appellate Session of the Superior Court and was transferred to this court. Public Acts, Spec. Sess., June, 1983, No. 83-29, § 3 (c).

[2] The plaintiff included in its brief the issue whether the trial court erred in failing to award interest on the amount of its recovery to the plaintiff. The defendant briefed this additional issue in its reply brief. Since the plaintiff neither filed a cross appeal; Practice Book § 3003; nor raised the issue in a preliminary statement of issues; Practice Book § 3012 (a); we will not consider the merits of this contention. *Lynch* v. *Davis,* 181 Conn. 434, 437, 435 A.2d 977 (1980); *City Council* v. *Hall,* 180 Conn. 243, 247 n.5, 429 A.2d 481 (1980); see also *Wesleyan University* v. *Rissil Construction Associates,* 1 Conn. App. 351, 472 A.2d 23 (1984).