[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Shelton Electric Company, has moved to compel arbitration of its disputes with the defendant, the Calvary Evangelical Free Church.
The plaintiff alleges in its complaint that it entered into a contract with the defendant to perform electrical contracting work, that disputes have arisen as to the contract work and payment, and that the defendant has refused to arbitrate the disputes despite an agreement to do so.
The court finds the facts to be as follows. The defendant undertook a building project at its church property in Trumbull acting as its own general contractor with the aid of a member of its congregation, an architect, who undertook to serve as "clerk of the works" as the representative of the defendant.
Before entering into a contract with the plaintiff, the defendant provided it with a project manual (Ex. B), which contained the specifications applicable to the electrical work in the project as well as specifications applicable to the work of other subcontractors needed for the project. The project manual contains, in addition to the sections on specifications, sections titled "Bidding Requirements", "Agreement", "Conditions of the Contract", and "Drawings".
When the defendant accepted the plaintiff's bid, the contract form used (Ex. A) was not a form contained in the project manual.
The contract signed by the parties describes the scope of the subcontract as follows:
 Subcontractor shall furnish all labor and material required to complete the following: Electrical work per CT Page 6611 attached proposal on the Calvary Evangelical Free Church Addtn. project in accordance with the plans and specifications of Fletcher Thompson. (Emphasis added.)
The signed contract contains provisions for the time of performance, for payment, for insurance, for a method of preparing change orders, and other provisions. No reference is made in the signed contract to any general conditions contained elsewhere, nor does the signed agreement provided for arbitration of disputes.
The reference to a "proposal" is to a single sheet of paper (Ex. A, p. 2) which contains no mention of arbitration but notes that the plaintiff's bid is based "as per all plans and specifications."
The plaintiff takes the position that the signed contract incorporates the General Conditions set forth in the project manual, including the provision at 4.51 of those general conditions that "[a]ny controversy or claim arising out of or related to the contract, or the breach thereof, shall be settled by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association. . . ."
It is elementary that, absent a statute compelling arbitration, a dispute shall be subject to arbitration only to the extent that the parties have agreed that arbitration shall be the forum for resolution of their differences. John A. Errichetti Associates v. Boutin, 183 Conn. 481, 488 (1981); W.J. Megin, Inc. v. State, 181 Conn. 47, 49 (1980); Gary Excavating, Inc. v. North Haven, 164 Conn. 119, 122 (1972); Gores v. Rosenthal, 150 Conn. 554,557 (1963); Amalgamated Assn. v. Connecticut Co., 142 Conn. 186,191 (1955); McCaffrey v. United Aircraft Corporation,147 Conn. 139, 142, cert. denied, 363 U.S. 854 (1960).
To be enforceable, an arbitration agreement must be in writing. Bennett v. Meader, 208 Conn. 352 (1988). In the case at bar, the signed contract, Exhibit A, contains no provision for arbitration. The issue, then, is whether the pages titled "General Conditions" in the Project Manual were incorporated in the written agreement by the reference to "the plans and specifications" or the reference to "per attached proposal", which in turn referred to "all plans and specifications." It has been held that "[w]here . . . the signatories execute a contract which refers to another instrument in such a manner as to establish that they intended to make the terms and conditions of that other instrument a part of their understanding, the two may be interpreted together as the agreement of the parties." E F Construction Co. v. Rissil Construction Associates, Inc., 181 Conn. 317, 319 (1980); Boston Lumber Co. v. Pendleton Bros., Inc., 102 Conn. 626, 631 (1925); 1 Corbin, Contracts, p. 97. CT Page 6612
The contract at issue does not make any reference to the general conditions contained in the Project Manual, nor does it incorporate by reference the Project Manual as a whole. It refers only to the "plans" and the "specifications". The credible evidence adduced indicates that the terms "plans" and "specifications" are not understood in the construction trades as encompassing written contract provisions. Contrary to the assertion of the plaintiff, the facts are distinguishable from those in E F Construction Co. v. Rissil, supra. In that case, the contract consisted of a purchase order that specified that the subcontractor "was bound to the general contractor in the same manner and to the same extent as the general contractor was bound to the owner." E F Construction Co. v. Rissil Construction Association, Inc., 181 Conn. at 319. General conditions in the contract between the general and the owner in that case clearly provided for arbitration as one of the general conditions of the contract, and the arbitration clause was therefore construed as having been incorporated by reference in the contract between the general and the subcontractor.
In the case now before the court, there is no such reference, and the contract itself contains provisions on the same subject matter as the general conditions section of the Project Manual, indicating that the form actually used supplanted any original intention to use the form contracts included in the Project Manual.
The plaintiff has failed to prove the existence of an enforceable agreement to arbitrate its disputes, and its application to compel arbitration is therefore denied.
BEVERLY J. HODGSON, Judge of the Superior Court