[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On March 6, 1995, the plaintiffs, Benzoline Energy Company, Connecticut Refining Company and Irvin A. Shiner, filed an application for a temporary injunction, an order to show cause and hearing, and a declaratory judgment. A complaint was also filed at that time. On March 24, 1995, the court, Booth, J., granted the temporary injunction, enjoining the defendants from proceeding with arbitration pending resolution of the application for declaratory judgment. A hearing was held on April 3, 1995, wherein the plaintiffs submitted a memorandum in support of a declaratory judgment and temporary injunction. The defendant Edward J. Kraus (Kraus) filed a memorandum in opposition to the plaintiffs' application for temporary injunction on April 3, 1995.[1]
According to the complaint, on January 17, 1995, the plaintiffs received a demand for arbitration from Kraus, seeking damages for breach of an employment contract, fraud, negligent misrepresentation and promissory estoppel in connection with the termination of his employment with the plaintiffs. Thereafter, the plaintiffs claim that they attended a meeting at the American Arbitration Association (AAA) in Hartford, Connecticut, to explore the possibility of settlement and to consider participation in an arbitration proceeding if a settlement could not be negotiated. The plaintiffs allege that they represented at the meeting that they were not bound to arbitrate and were not inclined to participate in arbitration proceedings. The plaintiffs claim that a representative of the AAA informed them that the issue of arbitrability would be decided by an arbitrator and the merits of the claim would be arbitrated with or without the plaintiffs' participation, whereupon the plaintiffs filed this action.
The plaintiffs argue that they are not bound to arbitrate and have not consented thereto by the acts specified above. In their complaint, the plaintiffs seek a declaratory judgment "determining whether the defendant AAA can determine the arbitrability of a claim without the consent and participation of the respondents and thereafter render a valid and binding award CT Page 6276 pursuant to its determination that said claims are arbitrable." In their complaint, the plaintiffs also seek a permanent injunction enjoining Kraus from proceeding with arbitration unless the plaintiffs are ordered by the court to arbitrate.
In their memorandum in support of a declaratory judgment and an injunction, the plaintiffs set forth the following facts. On September 29, 1994, the plaintiff, Connecticut Refining Company, sent a letter to Kraus which constituted an offer of employment. (Exhibit A, Plaintiffs' Memorandum). The next day, September 29, 1994, Kraus sent a letter to the plaintiffs inquiring about certain terms outlined in the letter offer. (Exhibit B, Plaintiffs' Memorandum). Thus, the plaintiffs claim that Kraus did not accept the offer at that time. On October 11, 1994, the plaintiffs claim that they sent Kraus a document entitled "Outline of Terms" which Kraus refused to accept. (Exhibit C, Plaintiffs' Memorandum). The plaintiffs maintain that the parties agreed to continue negotiations and to memorialize their agreement in writing when all issues were resolved.
Notwithstanding the alleged failure to agree on the terms of Kraus's employment, the plaintiffs state that Kraus commenced employment on October 19, 1994. On October 20, 1994, the plaintiffs state that they provided a draft copy of a proposed employment contract to Kraus, who did not agree to the terms therein and refused to sign it. This document included an arbitration clause. (Exhibit D, Plaintiffs' Memorandum).[2] The plaintiffs state that they continued to negotiate with Kraus and on October 21, 1994, they provided him with another proposed contract, which he again refused to sign. On November 23, 1994, the plaintiffs terminated Kraus' employment.
The plaintiffs argue that the parties never agreed to the terms of an employment contract and no contract, written or oral, existed between the parties. The plaintiffs argue that Kraus was an employee at will. The plaintiffs contest the arbitrability of any dispute between the plaintiffs and Kraus on the basis of the arbitration clause contained in the proposed contract of employment.
Kraus argues, in his memorandum in opposition to the plaintiffs' motion for temporary injunction, that after his receipt of the September 28, 1994 offer of employment, an interview was held with Kraus, Michael Shiner, vice president of Benzoline Energy Company, and plaintiff Irvin Shiner. Kraus CT Page 6277 states that at this interview the parties discussed the terms of the letter offer and worked out other details of employment. Kraus states that he accepted the plaintiffs' offer of employment at this meeting and the parties agreed to memorialize the terms of their agreement in a final employment contract.[3] Kraus then made arrangements to begin employment on October 19, 1994. Kraus states that on October 19, 1994, he was given a copy of the formal contract. He noted that certain language regarding disability benefits needed clarification and he was told by Michael Shiner to speak to the corporate attorney or to Shiner's son, who drafted the contract, to incorporate the changes. Kraus states that he continued employment with the plaintiffs with the reasonable understanding that the drafting errors would be clarified and the contract would be signed in due course.
The plaintiffs set forth several arguments in their memorandum in support of a declaratory judgment and an injunction. Firstly, the plaintiffs argue that whether the parties have agreed to submit an issue to arbitration is a matter for the courts to decide. This appears to be an argument that the issue of arbitrability should be decided by the court. However, the issue of arbitrability addresses the scope of matters to be arbitrated and therefore assumes that a binding arbitration clause exists. Since the thrust of the plaintiffs' argument in this matter is that no agreement to arbitrate exists at all, the "issue of arbitrability" the plaintiffs refer to is whether there is a binding employment contract. Thus, the plaintiffs are really arguing that the court should decide this issue, not an arbitrator. Secondly, the plaintiffs argue that they will suffer irreparable harm if the defendants proceed with arbitration before a determination of arbitrability by the proper forum. The plaintiffs apparently assert this argument in support of their motion for a temporary injunction, which was ordered by the court on March 24, 1995, and is therefore not presently at issue.
Kraus argues that contract law compels the conclusion that the parties formed a binding employment contract which included an arbitration clause within its provisions. Kraus argues that the broad language of the clause is properly interpreted as referring to arbitration of all disputes under the contract, including the issue of arbitrability.
"The purpose of a declaratory judgment action, as authorized by General Statutes § 52-29 and Practice Book § 390, is to secure an adjudication of rights where there is a substantial question CT Page 6278 in dispute or a substantial uncertainty of legal relations between the parties." (Internal quotation marks omitted.) Wilsonv. Kelly, 224 Conn. 110, 115, 617 A.2d 433 (1992); St. Paul Fire Marine Ins. Co. v. Shernow, 22 Conn. App. 377, 380-81,577 A.2d 1093 (1990).
"The Superior Court in any action or proceeding may declare rights and other legal relations on request for such a declaration, whether or not further relief is or could be claimed. The declaration shall have the force of a final judgment." (citations omitted.) State v. Carey, 222 Conn. 299,308, 610 A.2d 1147 (1992); General Statutes § 52-29 (a).
The function of the trial court in a declaratory judgment action is to ascertain the rights of the parties under existing law. Halpern v. Board of Education, 196 Conn. 647, 654-55,495 A.2d 264 (1985). Practice Book § 390 states that "[t] he court will not render declaratory judgments upon the complaint of any person: (a) unless he has an interest, legal or equitable, by reason of danger of loss or of uncertainty as to his rights or other jural relations; or (b) unless there is an actual bona fide and substantial question or issue in dispute or substantial uncertainty of legal relations which requires settlement between the parties; or (c) where the court shall be of the opinion that the parties should be left to seek redress by some other form of procedure; or (d) unless all persons having an interest in the subject matter of the complaint are parties to the action or have reasonable notice thereof." The prayer for relief must state with precision the declaratory judgment desired. Practice Book § 390.
"Arbitration is a creature of contract and without a contractual agreement to arbitrate there can be no arbitration."Wesleyan University v. Rissil Construction Associates, Inc.,1 Conn. App. 351, 354, 472 A.2d 23 (1984), citing John A.Errichetti Associates v. Boutin, 183 Conn. 481, 488, 439 A.2d 416
(1981); White v. Kampner, 229 Conn. 465, 471, 641 A.2d 1381
(1994) (stating that unless statutorily mandated, arbitration is a creature of contract)." [T]he basis for arbitration in a particular case is to be found in the written agreement between the parties." Wesleyan University v. Rissil ConstructionAssociates, supra, 1 Conn. App. 354, citing McCaffrey v. UnitedAircraft Corporation, 147 Conn. 139, 142, 157 A.2d 920, cert. denied, 363 U.S. 854, 80 S.Ct. 1636, 4 L.Ed.2d 1736 (1960). "Persons thus cannot compel arbitration of a disagreement between or among parties who have not contracted to arbitrate that CT Page 6279 disagreement between or among themselves." Id. "[A] person can be compelled to arbitrate a dispute only if, to the extent that, and in the manner which, he has agreed so to do." White v. Kampner,
supra, 229 Conn. 471.
The plaintiffs argue that no contract to enter binding arbitration was ever formed.[4] "The existence of a contract to arbitrate is a question for the court." Balch v. Zukerman,7 CSCR 360, 360-61 (March 3, 1992, Dranginis, J.), citing Atkinson v.Sinclair Ref. Co., 370 U.S. 238, 241, 82 S.Ct. 1318, 1320,8 L.Ed.2d 462, 465-66 (1962); Torrington Co. v. Metal Prod. WorkersUnion Local 1645, 347 F.2d 93, 96 (1965), cert. denied, 382 U.S. 940,86 S.Ct. 394, 15 L.Ed.2d 351 (1965). Since there is a factual dispute regarding whether or not a binding employment contract exists, there can be no arbitration and therefore, no issue of arbitrability arises.
There is an actual bona fide and substantial issue in dispute between the parties. Accordingly, this court issues a declaratory judgment that the Superior Court, state of Connecticut is the proper tribunal to determine the arbitrability of the issue (s) between the parties.
John W. Moran, Judge