[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The two cases captioned above are the municipal employer's application to vacate and the union's application to confirm an arbitration award issued on August 18, 1995. The main issue raised is whether the dispute was subject to arbitration. The two applications were consolidated by the court, Booth, J. CT Page 14171
One of the grounds raised by the Town of Wallingford ("town") for vacating the award is the claim that the arbitrator relied on regulations or standards that were not introduced into evidence at the arbitration hearing. The court, Booth, J., permitted an evidentiary hearing on that issue, and this court heard evidence on October 4, 1995. The parties then sought, and the court granted, extensions of time to submit briefs, and the issues have now been fully briefed and argued.
Procedural History
On November 23, 1993, Local 1570, Council #15, AFSCME, ("union") submitted a grievance on behalf of a probationary police officer, Philip Nickerson, claiming that the town had terminated his employment for "capricious reasons". The Town claimed that grievances filed on behalf of probationary employees such as Mr. Nickerson were not subject to the arbitration provisions of the collective bargaining agreement applicable to police officers. The Town identified as the reason for termination of this probationary employee his behavior in several incidents in which his superiors believed that he had overreacted and/or used excessive force.
Upon the demand of the union, the American Arbitration Association, which was specified in the collective bargaining agreement as the administrator of arbitrable grievances arising out of that agreement, convened an arbitration proceeding. The arbitrator was Albert G. Murphy. At that proceeding, the town stated its position that any grievance filed on behalf of Mr. Nickerson was not subject to the grievance procedure, including the step of that procedure providing for arbitration, because the collective bargaining agreement provides, at Article 16, Section 2, as follows:
 The union shall have the right to question the propriety of any such disciplinary action or discharge through the grievance procedure herein outlined, including arbitration, except for termination of probationary employees which is not subject to the grievance and arbitration provisions of this Agreement.
Probationary employees shall not be terminated for capricious reasons. [emphasis supplied] CT Page 14172
The parties asked the arbitrator to make a separate and specific finding on the issue of arbitrability of the dispute.
The arbitrator ruled that the grievance brought by the union on behalf of Mr. Nickerson was arbitrable and then found for the grievant on the merits of the claim that the police department's reasons for terminating the probationary officer were "capricious".
Scope of Review
The union claims that review by the Superior Court of an arbitrator's determination that a dispute is arbitrable is limited to a determination whether the award conforms to the submission. The town takes the position that the court's review, where the issue of arbitrability has been preserved and not waived at the arbitration, is governed by General Statutes §52-418(a). That statute provides that:
 Upon application of any party to an arbitration, the superior court . . . shall make an order vacating the award if it finds any of the following defects . . . (4) if the arbitrators have exceeded their powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made.
This court finds that the issue is governed by the principles set forth in White v. Kampner, 229 Conn. 465 (1994).[1] That case involved a contract which provided that disputes could only be submitted to arbitration after two negotiation sessions had been completed. One party sought arbitration without any negotiation sessions, and the other raised this omission as a ground for finding the dispute non-arbitrable. The arbitrator decided the dispute on the merits, implicitly finding in favor of arbitrability. The trial court granted an application to vacate the award. The Appellate Court, applying the analysis favored by the union in the instant case, found that since the award conformed with the submission, the award should not have been vacated, White v. Kampner, 31 Conn. App. 73, 79 (1993).
The Connecticut Supreme Court reversed the Appellate Court, noting that where a party raises the threshold issue of arbitrability at the arbitration, thereby preserving the issue and not waiving it, "[i]n such cases a court, on a motion to CT Page 14173 vacate, may properly entertain a challenge to an award alleging disregard of the limits in the parties' agreement with respect to arbitration." White v. Kampner, 229 Conn. 476; NewBritain v. State Board of Mediation and Arbitration, 178 Conn. 557,560 (1979). The court ruled unequivocally:
 [t]hus, the mere conformity of the submission to the award does not foreclose the court from reviewing whether that award is in violation of the parties' agreement.
White v. Kampner, 229 Conn. 476; Schwarzschild v. Martin,191 Conn. 316, 323 (1983). Finding that the trial court had correctly decided that the parties' agreement to arbitrate was limited to disputes which had first been subjected to negotiating sessions and that no such sessions had been held, the Court upheld the trial court ruling vacating the award pursuant to General Statutes § 52- 418 on the principle that "a person can be compelled to arbitrate a dispute only if, to the extent that, and in the manner in which, he has agreed to do so." Whitev. Kampner, 229 Conn. 471, citing Marsala v. Value Corp. ofAmerica, 157 Conn. 362, 365 (1969).
Discussion
At the arbitration hearing, the town very clearly objected to arbitration of the dispute at issue on the ground that the collective bargaining agreement expressly excluded from the scope of arbitrable grievances those grievances concerning termination of police officers who had not completed their probationary period. The issue of arbitrability was made a separate, preliminary issue at the arbitration. This court finds that the issue of arbitrability was not waived and that this court must therefore; determine whether the arbitrator acted beyond his authority, such that the award should be vacated pursuant to General Statutes § 52-418.
The collective bargaining agreement, at Article 16, Section 2, clearly and unmistakably provided that while termination or disciplinary sanctions as to non-probationary members of the bargaining unit could be pursued through all steps of the grievance procedure, including arbitration, the issue of termination of probationary employees "is not subject to the grievance and arbitration procedures of this Agreement." The arbitrator reasoned that because the Town also agreed not to CT Page 14174 terminate probationary employees for "capricious reasons" it must have meant to agree to arbitration of claims of violation of that provision. Such a construction ignores the express language of the contract to the contrary, and imposes on the Town an obligation directly contrary to the bargained-for exclusion. There is nothing ambiguous in the exclusionary language cited above, nor does the provision prohibiting "capricious" termination necessitate a "construction" of the exclusion that negates its plain words. An employer may certainly agree not to act capriciously without also agreeing to a particular procedure for enforcement of that agreement, leaving a party who believes the agreement has been violated to resort to such other means of enforcement as may be available.
Unless statutorily mandated, arbitration is a creature of contract. John A. Errichietti Associates v. Boutin, 183 Conn. 481,488 (1981). An arbitrator must determine whether, by contract language, the parties manifested an intent to have the question arbitrated, and the actual language of the contract must be given effect. White v. Kampner, 229 Conn. 473.
The plain language of Article 16, § 2, cited above, indicates that disputes over the termination of probationary employees were not either grievable or arbitrable. In deciding to the contrary, the arbitrator failed to give effect to contract language so clear that it cannot even be said to be within the "grey area" subject to the "positive assurance test". See Whitev. Kampner, 229 Conn. 473, citing United Steelworkers of Americanv. Warrior Gulf Navigation Co., 363 U.S. 574, 582-83,80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960). The arbitrator therefore acted beyond the scope of his authority by arbitrating a dispute that the Town had not agreed to arbitrate. The arbitrator acted in contravention of unambiguous contract language excluding from arbitration the precise subject matter that the union sought to arbitrate.
The Appellate Court has had occasion to decide issues of arbitrability since the reversal of its ruling in White v.Kampner. In Metropolitan District Commission v. AFSCME, Council4, Local 3713, 35 Conn. App. 804, 811 n. 6 (1994), the Appellate Court recognized the requirement that an arbitrator deciding the issue of arbitrability cannot find a dispute arbitrable if language in the contract indicates that it is not. In that case, however, there was no contract language exempting the subject matter of the grievance from arbitration, nor did CT Page 14175 the employer preserve an objection to arbitration.
As the Supreme Court stated in White v. Kampner, 229 Conn. 473, a court may not simply rule that because a contract contains an arbitration provision, all disputes are arbitrable in a situation in which other contract language limits the conditions or scope of what the parties have agreed to arbitrate:
 [Furthermore,] we construe a contract as a whole and all relevant provisions as considered when determining the intent of the parties. Id, citing Bialowans v. Minor, 209 Conn. 212, 217 (1988).
The Supreme Court quite clearly ruled that when the issue presented is whether the arbitrator was indeed contractually empowered to arbitrate or whether the contract language specifically expresses an intent to make arbitrable only a particular category of disputes, and not others, the arbitrator's conclusion is reviewable by the court on the basis of the contract language. White v. Kampner, 229 Conn. 465,474-75, n. 10.
As the Supreme Court noted, White v. Kampner, 229 Conn. 476, the town could have refused to arbitrate and could have met any applications to compel arbitration pursuant to General statutes § 52-410 with the defense that it had never agreed to arbitrate grievances alleging wrongful termination of probationary employees. The Supreme Court recognized the alternative that a party could submit to arbitration and preserves its objection to arbitrability and still be entitled to court review:
 Under these circumstances, we held that the defendant did not waive consideration of the issue of arbitrability by the trial court.
White v. Kampner, 229 Conn. 478. [emphasis supplied.]
To view the submission of the issue of arbitrability to an arbitrator as a waiver of the contractual limitation on the scope of arbitration in the face of a clear objection and contract language excluding arbitration for certain disputes would be to impose on the parties a different contract than the one they made. The appellate courts have repeatedly recognized that CT Page 14176 parties cannot be forced to accept an arbitration's ruling as to disputes they have not agreed to have decided by arbitration.Bennett v. Meader, 208 Conn. 352, 363-64 (1988); E FConstruction Co. v. Rissil Construction Associates, Inc.,181 Conn. 317, 319 (1980); Wesleyan University v. Rissil ConstructionAssociates, Inc., 1 Conn. App. 351, 355 (1984). As the Appellate Court stated in Wesleyan University, Id., "[p]ersons thus cannot compel arbitration of a disagreement between or among parties who have not contracted to arbitrate that disagreement between or among themselves." The town never contracted to arbitrate disputes with the union over termination of a probationary employee, and the arbitrator was without authority to arbitrate the grievance. The town would have been entitled to an injunction against the arbitration and the Supreme Court's recognition of preservation of the claim in lieu of seeking injunctive relief serves the salutary purpose of not forcing more such disputes into the courts ab initio, since arbitrators are to be expected to observe and abide by the limits on the scope of arbitration set forth in the contract.
Conclusion
In finding the dispute arbitrable, the arbitrator required the parties to arbitrate a dispute outside the bounds of their agreement to arbitrate. The arbitrator's ruling is invalid pursuant to General Statutes § 52-418(a)(4), and the arbitration award is vacated both as to the issue of arbitrability and as to the decision on the merits, since the arbitrator was without authority to grant a remedy. The application to confirm the award is denied. Because of this resolution, it is not necessary to reach the other issues raised as grounds for vacating the award.
Beverly J. Hodgson Judge of the Superior Court