[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This case, though young, has had a tortuous path through the courts. The complaint is simple enough: the case was instituted in July, 1996, by the two plaintiffs, who sought payment of rent for several months, which rent was allegedly due for commercial CT Page 387-JJ premises pursuant to a lease. The defendant corporation sought to consolidate the action with an application to compel arbitration and to transfer it to the regular judicial district civil docket, as it alleged that the lease in question was an integral part of a larger transaction involving the sale of the stock of one corporation to another corporation, and a significant piece of the sale transaction was the subject of a pending application to compel arbitration. The defendant also sought a stay of this action, pending the outcome of the arbitration.
Judge DiPentima denied both of the defendant's motions[1]
by order dated September 18, 1996. Since her ruling, the Superior Court has apparently provided for the arbitration to proceed in the other pending matter. In this case, the defendant has submitted an answer, special defenses and counterclaim. The plaintiffs have moved to strike the counterclaim, which in essence claims damages from the underlying purchase agreement, and the defendant has again moved for a stay pending arbitration.
Some background information is essential to an understanding of the issues. I have read the extensive materials provided by CT Page 387-KK the parties; this includes not only the various briefs, but also several voluminous documents pertaining to the transactions between the parties. The two plaintiffs, who are suing as individuals in this action, apparently owned 82% of the stock of Brescome Distributors, Inc. In early 1995, Johnny Barton, Inc., bought the stock of Brescome. The stock purchase agreement included reference to a "closing date balance sheet" of Brescome: the price paid by Barton was to be determined in part by the value of shareholder equity as disclosed in the balance sheet. If irreconcilable differences arose over the values included in the balance sheet, they were to be resolved by arbitration. There was no other arbitration clause in the various agreements brought to the attention of the court.
The lease, in turn, specifically provides that no "offset or deduction" will be applied to reduce the rent. The landlords are not identical to the parties to the dispute concerning the selling price: although the two individuals who are the landlords allegedly owned 82% of the stock of Brescome, this is not the same as identity of parties. The lease itself does not include an arbitration clause, and the complaint in this case did not CT Page 387-LL specifically raise any issues concerning the dispute as to the selling price. It was in this state of affairs that Judge DiPentima denied the application for the stay and the motion to transfer this case and to consolidate it with the other application to compel arbitration.
After she ruled on the then pending motions, the defendant filed its answer, defenses and counterclaim, on October 17, 1996. The special defenses appear[2] to allege, among many other things, unclean hands, obstruction of the arbitration proceedings, some sort of estoppel and breaches of the stock purchase agreement. Without intending to comment on the propriety or validity of any of the defenses, most of the defenses referred to would appear to have little to do with the issues raised in the complaint. The special defenses do appear to allege fraud in the inception of the lease agreement.
The counterclaim, which the plaintiffs have moved to strike, seeks money damages from the plaintiffs: though again most prolix, it seems to allege various kinds of misstatements were made which resulted in Barton's overpaying hundreds of thousands CT Page 387-MM of dollars for the Brescome stock. There does not seem to be identity of parties as to the Brescome stockholders and the plaintiffs in this case, as noted above.
I first consider the defendant's motion for a stay pending the outcome of the arbitration, which finally seems to be on track as a result of the action to compel arbitration pending on the judicial district regular docket. Although the parties have used considerable verbiage in casting blame for delay in the arbitration, that issue has little importance in this proceeding. I agree with the plaintiffs that Judge DiPentima considered the issue and, if there were no significantly different circumstances, I would repeat her ruling, partly because it is "the law of the case" and also partly because I agree with her ruling. See, e.g., Breen v. Phelps, 186 Conn. 86, 98-101 (1982). As the state of the pleadings then existed, there was a complaint based on alleged failure to pay rent due under a lease, which specifically provided for no offsets or deductions and which contained no arbitration clause. Although in the broad sense the lease was surely part of a larger set of agreements, the agreement to arbitrate differences as to the closing date balance CT Page 387-NN sheet was limited to that issue, and no general arbitration clause appeared in the documents submitted to the court. CompareFink v. Golenbock, 238 Conn. 183, 194-96 (1996). The parties were not identical; that is, the landlords were not the sole shareholders of Brescome. See Wesleyan University v. RissilConstruction Associates, Inc., 1 Conn. App. 351 (1984).
The determinative issue is whether the intervening pleading of the defendant brings into the case an issue not present previously, which issue is properly the subject of arbitration. As noted above, the special defenses did include an allegation of fraud, which, in general, is appropriately a special defense. See § 164 of the Practice Book. In the context of this case, the issue of fraud would appear to be inextricably intertwined with the issue of the closing date balance sheet, which specifically is the subject of arbitration. The plaintiffs in this case are, apparently, included among the individuals who did agree to submit issues as to the balance sheet to arbitration; seeWesleyan University, supra; and inconsistent results ought, as a general rule, to be avoided. See Fink, supra. A stay pending arbitration should be entered when the court "is satisfied that CT Page 387-OO any issue involved in the action is referable to arbitration under the agreement. . . ." Section 52-409 of the General Statutes. As the special defense injected such an issue into the case, I am constrained to stay this case, pending the outcome of the arbitration. Compare Fishman v. Middlesex Mutual Assurance Co.,4 Conn. App. 339, 347-48 (1985).
As this case is stayed pending arbitration, it makes little sense to rule on the plaintiff's motion to strike the counterclaim. The motion may be revived when the case is taken up again in this court.
Beach, J.