[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON APPLICATION TO VACATE AWARD
CT Page 7213
In this application to vacate arbitration, the main issue raised is whether the applicant against whom the arbitrator issued an award was a party to the arbitration.
FACTS
The matter was submitted to the court "on the papers" and none of the following facts is in dispute:
Richard Manjoney was an owner of some valuable coins. He enlisted an entity known as JCV Rare Coin to represent him as his agent in selling the coins at auction. The written consignment contract dated October 2, 1995, was signed by Mr. Manjoney and by David A. Vogel for JCV. There is no mention in the document that JCV is a corporate entity. Contemporaneous with signing the contract, Manjoney consigned to Vogel some coins for an auction to be held in January 1996. Thereafter a dispute arose concerning the proceeds of the sale of the coins.
By letter of March 4, 1996, Manjoney's counsel sent a letter to David A. Vogel asking if he would agree to submit the dispute to arbitration. By letter of March 7, 1996, on stationery of JCV Rare Coins, Vogel agreed to arbitrate. Thereafter Vogel, whose address was in Texas, used a Connecticut law firm to assist in representing him in the subsequent mediation and arbitration proceedings. Counsel for Manjoney and counsel for Vogel exchanged correspondence dated March 18, 1996 and May 16, 1996 relative to the arbitration.
Formal demand for arbitration was made on October 29, 1996, by counsel for Manjoney using American Arbitration Association procedures. The demand for arbitration is addressed to JCV Investment Group, Inc., through its representative, Attorney Ronald E. Laskey, with whom Monjoney's counsel had been corresponding since March. None of the previous correspondence made any reference to JCV Investment Group, Inc., only to JCV Rare Coin and to David A. Vogel. Nonetheless, the arbitration proceeded and the arbitrator issued an award to Mr. Manjoney.
DISCUSSION
The arbitrator considered the problem of the various names under which David Vogel or JCV conducted the rare coin business. CT Page 7214 The finding of the arbitrator was that JCV Investment Group, Inc., conducted its rare coin business under the names or trade names of "David A. Vogel Associates; and/or JCV Group; and/or . . . JCV Rare Coins."
There is no indication that this was other than an unrestricted submission to the arbitrator, so that it was within his province to resolve the issue of whether JCV Investment Group, Inc. was liable to Manjoney. Nor does his finding that the corporation did business under various trade names whose underlying entities were practically identical to the corporation contravene case law. See, DeMartino v. Monroe Little League.Inc., 192 Conn. 271, 274-75 (1984). The court will not presume that the arbitrator disregarded either the facts or the law in making his findings and his award. The burden is on the party seeking to vacate the award to demonstrate that the arbitrator exceeded his authority, and the applicant has not done so here.
Furthermore, the formal demand for arbitration was addressed to JCV Investment Group, Inc. Having proceeded to participate in the arbitration, the corporation cannot now claim that it is not bound by the arbitrator's decision. While the applicant is correct that absent an agreement with the proper entity to arbitrate, no arbitration can be compelled, see WesleyanUniversity v. Rissil Construction Associates, Inc.,1 Conn. App. 351, 354-55 (1984), once the entity against whom arbitration is demanded submits to arbitration is estopped to claim that it ought not be bound by the arbitrator's decision.
The remaining claims of the applicant are without merit.
DECISION
The application to vacate the arbitration is denied.
Patty Jenkins Pittman Judge of the Superior Court