[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO STRIKE AND MOTION FOR AN INJUNCTION
The underlying case involves a dispute between the national franchiser of the Subway fast food chain, the plaintiff, Doctors Associates, Inc. (DAI), and Subway Franchisee Advertising Fund Trust (SFAFT), the defendant. SFAFT is an independent corporation which receives a fee from every Subway franchise to conduct an international advertising campaign.
The events underlying the action presently before the court originated in 1997 when the SFAFT Board canceled the then-pending election to the board in order to address certain procedural irregularities. As a result of the cancellation, several candidates (hereinafter referred to as "candidates") sued SFAFT and DAI in an effort to continue the elections according to the established rules. Subsequently, the parties to the action agreed to stay the proceedings in order to arbitrate the various issues before the American Arbitration Association.
As it turned out, however, arbitration did not provide the swift answer all parties had previously hoped for. Instead, arbitration has continued for a period over one and half years without any result. Concerned with the pace of arbitration, the candidates and SFAFT agreed to continue with mediation. As a result, the candidates and SFAFT reached a settlement agreement which resolved all claims between those parties and led to SFAFT's being dismissed from the candidate's ongoing litigation.
No longer constrained by the candidates's action, SFAFT decided to proceed with its 1999 general elections.
DAI has filed a breach of contract action against SFAFT and seeks to enjoin SFAFT from proceeding with its 1999 election. Specifically, DAI argues that the arbitration agreement prohibits SFAFT from proceeding with the election unless all parties involved agree to a new set of election rules or there is a final resolution of the underlying dispute. Since it was not involved CT Page 15871 in the mediation induced settlement, DAI claims that there is no general agreement as to the new set of election rules and that, furthermore, there is no final resolution of the underlying dispute.
SFAFT now moves to strike the complaint on the ground that the DAI action fails to state a cognizable legal claim. SFAFT also argues that DAI is not entitled to an injunction and that the 1999 board election should not be enjoined.
The court will first address SFAFT's motion to strike.
"The standard of review for granting a motion to strike is well settled. . . . [the court] must take as true the facts alleged in the plaintiff's complaint and must construe the complaint in a manner most favorable to sustaining its legal sufficiency." (Citations omitted; internal quotation marks omitted.) Bell v. Board of Education, 55 Conn. App. 400, 404, ___ A.2d ___ (1999). "A motion to strike admits all facts well pleaded . . . A determination regarding the legal sufficiency of a claim is, therefore, a conclusion of law, not a finding of fact." Id. "If facts provable in the complaint would support a cause of action, the motion to strike must be denied . . . [w]hat is necessarily implied [in an allegation] need not be expressly alleged." (Citations omitted.) Id.
DAI's complaint alleges that SFAFT's attempt to proceed with new elections violates the arbitration agreement. Specifically, DAI points to language in the agreement that states that "SFAFT will not adopt any changes to the election procedures or qualifications of the potential candidates for office of trustees, restart the election or destroy ballots or any other information related to the 1997 election unless and until the parties agree otherwise or a final binding, decision is rendered in an arbitration of the dispute." Since DAI was not a party to the mediated settlement, DAI argues that the arbitration language quoted above must be enforced and that SFAFT must be prohibited from proceeding with the election.
SFAFT disputes DAI's analysis of the arbitration language and argues that the intent of the parties in including that language in the arbitration agreement was to preserve the status quo while there remained issues between the candidates and the other parties. Since, the candidates have settled their claims against SFAFT, the board argues that the arbitration language cited by CT Page 15872 DAI is moot, notwithstanding the fact that the candidates' claims against DAI continue.
Intent is a question of fact, Spatola v. Spatola,4 Conn. App. 79, 82, 492 A.2d 518 (1985), and is improperly considered on a motion to strike. See Hill v. Bank of South Windsor, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 551644 (April 8, 1996, Hennessy, J.) While SFAFT has presented evidence supporting its argument as to the intent of the parties in drafting the provision in dispute, the court cannot consider such evidence on a "speaking" motion to strike. See Doe v. Marselle, 38 Conn. App. 360, 364, 660 A.2d 871 (1995) ("[a] speaking motion to strike [one imparting facts outside the pleadings] will not be granted"). Since the court must construe the allegations in a manner favorable to the non-moving party, the court concludes, for purposes of the motion to strike, that DAI has alleged a breach of arbitration agreement/contract cause of action against SFAFT." [T]he basis for arbitration in a particular case is to be found in the written agreement between the parties." Wesleyan University v. Rissil Const. Assoc., Inc.,1 Conn. App. 351, 355 (1984) Arbitration agreements are to be strictly construed. Id. The defendant's motion to strike is denied.
The plaintiff DAI asks that the court enjoin SFAFT from continuing with its 1999 board elections.
"It is clear that the power of equity to grant injunctive relief may be exercised only under demanding circumstances." (Internal quotation marks omitted.) Anderson v. Latimer PointManagement Corp. , 208 Conn. 256, 262, 545 A.2d 525 (1988). "[T]he issuance of an injunction rests within the sound discretion of the trial court. . . . In exercising its discretion, the court, in a proper case, may consider and balance the injury complained of with that which will result from the interference by injunction." (Citations omitted; internal quotation marks omitted.) Id.
"[A] party seeking injunctive relief has the burden of alleging and proving irreparable harm and the lack of an adequate remedy at law." (Internal quotation marks omitted.) Branch v.Occhionero, 239 Conn. 199, 207, 682 A.2d 306 (1996). "Injunctive relief may not lie where it is predicated on the fears and apprehensions of the party applying for it or where it would be incompatible with the equities of the case. . . ." (Citations CT Page 15873 omitted.) Karls v. Alexandra Realty Corp. , 179 Conn. 390, 402,426 A.2d 784 (1980). "The extraordinary nature of injunctive relief requires that the harm complained of is occurring or will occur if the injunction is not granted." Id.
"Although an absolute certainty is not required, it must appear that there is a substantial probability that but for the issuance of the injunction, the party seeking it will suffer irreparable harm." Id. "Whether damages are to be viewed by a court of equity as "irreparable' or not depends more upon the nature of the right which is injuriously affected than upon the pecuniary measure of the loss suffered." Emhart Industries, Inc.v. Amalgamated Local Union, 376, 190 Conn. 371, 402, 461 A.2d 422
(1983).
In the present case, DAI has not met its burden of proving irreparable harm and, therefore, is not entitled to an injunction.
DAI's reliance on paragraph 2 of the arbitration agreement as prohibiting the present election of SFAFT board members is troublesome in several aspects. For one, the individual candidates and SFAFT have settled their disputes and SFAFT has been released from all pending litigation. In this respect, the original reason why the 1997 election was suspended in the first place no longer exists and it appears that, without the potential of harm to the interests of the candidates, SFAFT may continue its elections. While DAI claims that it is being harmed by the continuing elections, its reliance on the arbitration agreement belies the fact that both DAI and SFAFT were defendant parties to the candidates' action and that DAI, at that time, did not choose to challenge the electoral proceedings. Thus, SFAFT's argument that paragraph two of the arbitration agreement was effectuated solely for the purpose of protecting the candidates and preserving their status quo in regards to the election under the proposed new rules is sound and persuasive. It follows, accordingly, that, since the candidates no longer need to preserve the protection afforded in halting the election while their claims were pending, the SFAFT elections should proceed without detriment to either the candidates, SFAFT or, for that matter, DAI.
The arbitration agreement does not change the status of SFAFT as an organization that is independent of DAI. To read paragraph "two "of the arbitration agreement in a way that would allow DAI CT Page 15874 to challenge SFAFT's right to proceed with elections at this time, without DAI's approval, would seem to be contrary to the factual background and the parties' intent in entering the arbitration agreement. In fact, since SFAFT is an independent body capable of making its own decisions and setting its own procedures, the court questions whether DAI could properly challenge the actions and decisions of SFAFT aside from the specific procedures enumerated in the SFAFT' "Policy and Procedural Manual."[1]
In any event, DAI has not shown how it would be irreparably harmed by allowing SFAFT to proceed with its elections. Indeed, given the fact that SFAFT has not had elections since 1997, it is conceivable that it would be harmed to a greater extent than DAI if the elections were enjoined. DAI's success on the merits of its case against SFAFT is questionable. Therefore, DAI's motion for an injunction is denied.
GROGINS, J.