[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO STAY IN FAVOR OF AND/OR PENDING ARBITRATION
The plaintiff is a sub-contractor of the defendant HRH Atlas Construction, Inc. The defendant Liberty Mutual Insurance Company provided the payment bond for the benefit of payment to the sub-contractors.
The general contract was with the University of Connecticut for the construction of a Biological Sciences Building at the University, referred to as Project No. B1-900210 D.
A dispute has arisen between the plaintiff electrical contractor and the defendant general contractor as to the amount of work/materials which have been performed by the plaintiff. The plaintiff claims that it has performed a certain percentage of work and that it is entitled to payment for work performed and requisitioned to date, and further that this sum due has been paid to CT Page 5343 the general contractor defendant for the plaintiffs benefit, but that the defendant has not turned the payment over to the plaintiff. The plaintiff also claims additional damages for various and sundry alleged shortcomings of the defendant which have caused various losses to the plaintiff.
The defendant general contractor moves "to stay in favor of and/or pending arbitration." The contract between the general contractor defendant and the owner, the University, provides that "the Owner shall have the option of either prosecuting the claim against the contractor in an appropriate court of jurisdiction, or by arbitrating the claim . . ." (Contract § 4.6.2.) The contract further provides that should the contractor have a claim against the owner the contractor's rights to assert its claim against the owner shall be as set forth in General Statutes § 4-61. (Contract § 4.6.3.) General Statutes § 4-61 gives to the contractor the option of either bringing an action in the Superior Court or, alternatively, submitting a demand for arbitration. A preliminary notice of claim has apparently been submitted by the defendant general contractor and it appears from the documents submitted to this court, in support of its position, that the general contractor — defendant has made a demand for arbitration before the American Arbitration Association. The demand for arbitration claims $1,875,651.21 plus damages. One of the documents, claiming extras, lists seven sub contractors with extras alone being $5,657,087.87, indicating that the dispute between general contractor and owner goes well beyond only this claim of the plaintiff.
The defendant claims that the plaintiff sub-contractor is bound, through its sub contract, to arbitrate the plaintiffs claims. It is argued that this arises because, under Section 1. (a) of the subcontract "The Subcontractor agrees to be bound to the contractor by the terms and conditions described in the Contract Documents . . ."
A careful review of the Contract Documents reveals that the documents made no mention of arbitration as concerns any claims of a sub-contractor vs the contractor. The option of arbitration is given to the contractor and the Owner as concerns claims between themselves. It appears clear that the sub-contractor has neither the right nor the obligation to arbitration under either the general contract or the sub-contract. "Arbitration is a creature of contract and without a contractual agreement to arbitrate there can be no arbitration." Wesleyan University v. Rissil Construction Associates,Inc., 1 Conn. App. 351, 354 (1984). The above case is particularly in point as it involves the question of whether the general contractor's contract with the owner, providing arbitration, pertains to the CT Page 5344 non-contract entity, the sub-contractor. The defendants cannot prevail on their claim that the contracts provide for arbitration of the claims of sub-contractors vs. contractor.
The defendants also urge the court to stay this action on the grounds that there may be an overlap of issues between this action at law and the pending litigation between the defendant contractor and the Owner. It appears that the defendant is claiming that it can present the plaintiffs claim against it to the arbitrators for resolution in its arbitration with the state. However the case ofFederal Deposit Ins. Corp. v. Peabody N.E., Inc. deals specifically with that proposition. If the defendant contractor agrees with the plaintiff sub-contractor as to the legitimate amount of the claim, incorporating in its claim with the owner its liability to the subcontractor, then the contractor has a disputed claim between it and the owner under its own direct contract with the owner-state. However, if the general contractor contests the claim of the sub-contractor, this would have the same effect as allowing the sub-contractor to sue the state, and that suit is not permitted by law. See Federal Deposit, Ins. Corp. v. Peabody N.E., Inc.,239 Conn. 93 (1996).
Under the circumstances of this case, where the claims between contractor defendant and sub-contractor plaintiff are obviously disputed the doctrine of judicial abstention is inappropriate. The arbitration cannot, either procedurally or substantively, resolve the dispute between the parties. The plaintiff, not being able to be a party to the arbitration, lacks the basic procedural and substantive safeguards — ie. an opportunity to be heard as a party, such as to be bound by the proceedings. Hence an arbitrator's decision as concerns this claim, as part of the dispute between contractor and owner, would not be res adjudicata as to the plaintiff. Therefore nothing can be gained by a stay other than deferring for what may be an interminable period of time the plaintiffs absolute right to a trial at law.
For the reasons set forth herein the motions of the defendants are denied.
L. Paul Sullivan, J.